UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   Case No: 8:17-cr-62-KKM-AAS

JUAN CARLOS PERLAZA-CAICEDO,

   Defendant.
_____

## ORDER

On June 14, 2024, Juan Carlos Perlaza-Caicedo received a sentence of one hundred sixty-eight months' imprisonment and five years of supervised release after he pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Judgment (Doc. 58) at 1; *see* 46 U.S.C. §§ 70503(a), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii). Perlaza seeks compassionate release, Mot. for Compassionate Release (Mot.) (Doc. 63), and the government responds, Resp. (Doc. 65). I deny the motion for the reasons below.

Subject to ordinary appellate and collateral review, sentences of imprisonment are generally final. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1) sets out one exception, commonly called "compassionate release." *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam). For his compassionate release motion to be considered on the merits, a prisoner must either exhaust his administrative remedies with the Bureau of Prisons, or else the prisoner's warden must fail to act on a request for compassionate release within thirty days of receipt. 18 U.S.C. § 3582(c)(1)(A).

If properly exhausted, a court may then order compassionate release only if (1) "extraordinary and compelling reasons warrant" release, (2) the factors in 18 U.S.C. § 3553(a) support release, and (3) release is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021). The defendant bears the burden of proving that the sentencing factors, the policy statement, and § 3582 support compassionate release. *See United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling

reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *Handlon*, 97 F.4th at 832 (quoting *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam)). "[I]f the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so." *United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021)

A charitable reading of Perlaza's motion allows an inference that he has exhausted his administrative remedies. Perlaza states that "30 days have passed and [the] instant motion is properly before the Court," Mot. at 2, and presents evidence of his request to the warden, *id.* at 8 (email request). I therefore proceed to the merits of his motion.

Perlaza points to three purported "extraordinary and compelling reasons" for ordering his early release—first, a proposed amendment to the United States Sentencing Guidelines constitutes an intervening change in law; second, disparities in the post-sentencing treatment of citizen versus noncitizen offenders; and third, he has demonstrated personal rehabilitation during his incarceration. Mot. at 2–5.

These three bases are not considered "extraordinary and compelling reasons" under U.S.S.G. § 1B1.13(b), and therefore Perlaza has not shown that a reduced

3

sentence is warranted. First, regarding the proposed amendment to the United States Sentencing Guidelines, a change in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(b)(6). And the unusually long sentence exception does not apply here because Perlaza has not served at least 10 years of his term. *See id.*; *see also id.* § 1B1.13(c) (providing that a court may consider a change in the law for the purpose of determining whether an extraordinary and compelling reason exists only under (b)(6)'s terms). Even if a change in the law could be considered an extraordinary and compelling reason here, a proposed amendment is not binding on courts. *United States v. Symington*, 682 F. App'x 729, 731 (11th Cir. 2017) (per curiam) ("[W]e do not consider proposed amendments until they become effective, as they are still subject to Congressional modification or disapproval.").

Second, Perlaza does not identify how perceived disparities in the post-sentencing treatment of noncitizens versus citizens is relevant to the present inquiry. Regardless of whether Perlaza considers this reason an extraordinary and compelling one or a factor to consider under § 3553(a), it does not justify his release. The relevant sentencing guidelines do not contemplate sentencing disparities among different

groups of defendants as being an extraordinary and compelling reason for a sentence reduction. *See generally* U.S.S.G. § 1B1.13(b). And I need not consider the § 3553(a) factors if the defendant has not presented an extraordinary and compelling reason. *Giron*, 15 F.4th at 1348.

Third and last, personal rehabilitation is not considered a standalone extraordinary and compelling reason. U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Without any other circumstances supporting Perlaza's release, his rehabilitation is not sufficient to justify release. *See id.*

Because the district court cannot reduce a sentence if it "finds that no extraordinary and compelling reason exists," *Giron*, 15 F.4th at 1348, Perlaza's motion must be denied.

Accordingly, the Motion for Compassionate (Doc. 63) is **DENIED.**

**ORDERED** in Tampa, Florida, on June 27, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

5